1    CHIN-LI (Karen) MOU
     4141 Boneso Circle
2    San Jose, CA 95134

3

   Pro Se

4

5

6

7

8              **UNITED STATES FEDERAL COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
9                   **SAN JOSE DIVISION**

10

11    **CHIN-LI MOU,**             )  **CASE NO.**

12           **Plaintiff,**       )  **C09  01910**
                         )  **COMPLAINT --FOR INJUNCTION**
13       **vs.**                  )  **RELEIF--- Conspiracy**
                         )  **Violation Of Free Speech, all Violations of**
14    **West Valley College, an individual and a** )  **42 USC 1983 Under The 1st Amendment To**
   **non-profit educational corporation; JOHN** )  **The United States Constitution as Applied**
15    **HENDRICKSON, an individual; PHILIP L.** )  **To The States By The 14th Amendment**
   **HARTLEY, an individual; ERNEST**     )
16    **SMITH, an individual; LAURA LORMAN,** )
   **an individual; CHRIS ROLEN, an**      )
17    **individual; LINBERO #107, an individual.** )  **Filed: May 04, 2009**

18          **Defendants.**         )

19

20                         **COMPLAINT**

21

22    PLAINTIFF alleges:

23    1.  This court has jurisdiction of the subject matter of this action under Title 28 of the United

24       States Code, §§ 1343(3), (4), Title 42 of the United States Code, § 1983 (28 U.S.C.A. §§

25       1343(a) (3), 28 U.S.C.A. 1343(a) (4), 42 U.S.C.A. 1983) and any Constructional violation.

26       The rights, privileges, and immunities sought to be declared and redressed are those secured

27

28

                                1

by the First, Ninth, and Fourteenth Amendments to the United States Constitution (Art. I, U.S. Constitution, Art. IX, U.S. Constitution, Art. XIV, U.S. Constitution). This is an action to redress the deprivation, under color of state law, of privileges and immunities secured to the plaintiff by the Constitution of the United States of America.

2. Plaintiff Chin-Li (Karen) Mou, hereinafter also referred to as Plaintiff, is informed and believes and thereon alleges that the Defendant, West Valley College and West Valley – Mission District Police Department are operating under the laws of the State of California, and situated in the County of Santa Clara, City of Saratoga, California. The United States Federal Court, Northern District of California, San Jose Division is the proper court for this action.

3. Plaintiff Chin-Li (Karen) Mou is a citizen of the United States and therefore entitled to all protections provided for by the United States Constitution. Plaintiff was a student at West Valley College, a public college in Saratoga, which maintains its offices and headquarters at 14000 Fruitvale Avenue, Saratoga, CA 95070 in Santa Clara County.

4. Defendant John Hendrickson is the chancellor of the West Valley College.

5. Defendant Philip L. Hartley is the President of West Valley College, and is sued in his official capacity, in which he was, at all times relevant to this complaint, acting under color of state law.

6. Defendant Ernest Smith is the Vice President of Student Support Service of West Valley College , and is sued in his official capacity, in which he was, at all times relevant to this complaint, acting under color of state law.

7. Defendant Laura Lorman is Chief of Police at West Valley—Mission District Police Department, and is sued in his official capacity, in which he was, at all times relevant to this complaint, acting under color of state law.

2

8.  Defendant Chris Rolen is Lieutenant and Supervisor of Police Patrol & Investigation of West Valley –Mission District Police Department , and is sued in his official capacity, in which he was, at all times relevant to this complaint, acting under color of state law.

9.  Defendant Linbero #107 is a police of West Valley –Mission District Police Department , and is sued in his official capacity, in which he was, at all times relevant to this complaint, acting under color of state law.

10. Each defendant is sued individually and in such defendant's official capacity. Defendants are acting under color of authority of law of the State of California. All of the defendants are engaged in the operation and maintenance of West Valley College, and in the formation, promulgation, and enforcement of rules and regulations of West Valley College, and with the suspension or expulsion of students from that college.

11. On or about April 8 Wednesday afternoon around 4:30pm, Plaintiff went in restroom next to Career Programs in AAS building at West Valley College. Plaintiff was there for two minutes and immediately had to get out because a staff in career program, Cathy Aimonetti, harassed plaintiff. Plaintiff just visited Health Center minutes ago due to the allergy problem. She took medicine without water because there was no water left in the health center. Plaintiff planned to drink water stored in her locker in the restroom. But, she was not allowed to sip water; instead she was harassed by Cathy Aimonetti. Cathy further threatened plaintiff that she would empty plaintiff's locker.

12. Aimonetti told the plaintiff that janitor complained about plaintiff. About 2 semesters ago, this janitor harassed plaintiff. He threatened plaintiff that he would have police arrest her, if plaintiff didn't get out of restroom right at the moment he ordered plaintiff to do so. Plaintiff went to talk to the person in charge of janitors. He did conclude that the janitor has to wait patiently until whoever was inside finished. Plaintiff has tried to rush in and out around 4:30pm every time for many semesters. However, this janitor was determined to retaliating at plaintiff. He found every chance to harass plaintiff.

3

13. The following day Plaintiff paid a visit to Aimonetti and asked her to stop harassing her. Plaintiff also mentioned about her conversation with the head of janitors and her medical condition to both her and Dr. Fred Prochaska. They were heartless and didn't seem to care. Aimonetti further lied to Dr. Fred Prochaska by saying plaintiff spent 5 minutes in the restroom while plaintiff was in there for only two minutes.

14. Plaintiff told Aimonetti that she would tell other student what she did to Plaintiff. Aimonetti maliciously lied to Dr. Fred Prochaska that plaintiff threatened to "get her". However, English is plaintiff's second language. Plaintiff didn't speak a word of English before she did. Plaintiff can read, write and speak formal English well, but she doesn't speak slang English. Plaintiff truly believe that Aimonetti made up the threat just to make plaintiff to be suspended from school, so plaintiff would not have any chance to tell the truth to other staff or students.

15. On April 8, 2009, plaintiff was suspended by West Valley College from regularly using women's rest room and was illegally arrested and beat up by police Linbero #107 and another police whose name was unknown to Plaintiff. One of the officers handcuffed plaintiff without telling her which law she violated. While plaintiff was in the police car, one of the officers opened his penal code book and tried to find anything he can use to against plaintiff. He also shamelessly showed his preexisting whatever on his hand and arm and lied they were caused by plaintiff. On the way to the police car, this police lied to Dr. Smith that he, as a police, has special authority to arrest any one he wanted. Police suspended her from school for a period of 14 days commencing on April 9, 2009. On the way to county jail, Linbero made a discriminatory remark to plaintiff. He yelled at plaintiff "Go back to Vietnam." Plaintiff was not even from Vietnam, and felt she has seriously been discriminated by this police just because she is an aged petite Asian woman. He further stated that the police are above the law in the United States.

16. Next day, Plaintiff requested to meet with Mr. Smith, but she could not. Plaintiff called Dr. Hartley, the President of West Valley College, to request a meeting. Plaintiff was told that

4

Dr. Harley did not wish to speak to her. Plaintiff had no choice but to call Mr. Hendrickson, the chancellor of the West Valley College to request a meeting. Finally Mr. Hendrickson's assistant asked Mr. Smith to set up a meeting with plaintiff. Mr. Smith was not happy about what plaintiff did. Plaintiff believed Mr. Smith decided to ignore plaintiff's due process and/or equal protection. He made an unreasonable rule for plaintiff. He stated he would have Aimonett write her side of story and punish plaintiff from there.

17. On April 24, after the 14-day suspension period, plaintiff had a meeting with Mr. Smith at 1:30pm. Plaintiff tried to communicate with Dr. Smith that she, as an aged Asian Woman, felt that some of school staff treated her inhumanly. However, Mr. Smith, who also violates Plaintiff's equal protection, replied without any sympathy and patience that he, as a black, had to go through a lot; and of course, Plaintiff, as an Asian woman, had to go through even more.

18. Plaintiff felt she had been discriminated by Mr. Smith. She would like to file a discrimination report at West Valley College, and Mr. Smith knew that she would do so. Therefore, Mr. Smith suspended her from both West Valley and Mission College for at least two semesters. After two semesters, plaintiff has to obtain Mr. Smith's permission in order to get back to school. It is plaintiff's further belief that Mr. Smith will not grant plaintiff's request, and that plaintiff's opportunity for higher education is completely ruined by his ill-intention. Plaintiff was not able to file complaints about the staff who discriminated against her, which is a violation of her First Amendment Right.

19. Further, without any due process, Mr. Smith dropped Plaintiff's classes without a "W" (Exhibit A), including the class she finished in March, which causes irreparable injury. Plaintiff is worried and afraid that Mr. Smith is going to do more damage to her schooling in both West Valley and Mission College. Plaintiff is also afraid she will miss too many class and will not be able to catch up. Plaintiff believes that those ill-mined staff and Mr. Smith want to get rid of her because she voices up her rights when her rights are violated. Plaintiff

5

is a GPA 4.0 student in West Valley College paralegal program and has put a lot of efforts into all of her classes. Plaintiff didn't feel there is any justification for Mr. Smith to drop all her classes. Plaintiff informed and believes that Mr. Smith did that to retaliate Plaintiff for his staff and himself whom discriminated at her. Although academic freedom is not one of the enumerated rights of the First Amendment, the right to teach, inquire, evaluate and study is fundamental to democratic society, and First Amendment safeguards will be quickly brought into play to protect the right of academic freedom. Mr. Smith took plaintiff's right without any justification.

20. On information and belief, Mr. Smith further acts like attorney to advise and police school staff not to speak/talk to plaintiff and/or not to talk about her incident at West Valley College. As Vice president of West Valley College, he has chilling effect on exercise of the right of Plaintiff's and staff in both West Valley College and Mission College and causes irreparable injury. Plaintiff has the right to find out the truth and necessary information.

21. Plaintiff's First Amendment was totally violated, which causes irreparable injury. Plaintiff would like to file discrimination reports and needs to find out the name of the janitor in West Valley College. She was threatened if she shows up in the campus, she will be arrested.

22. Plaintiff tried to call Dr. Harley, the President of West Valley College; his assistant instructed Plaintiff to work out with Mr. Smith. Plaintiff further called Mr. John Hendrickson, the chancellor of the West Valley College, and he never returned her phone call.

23. The West Valley College's actions unconstitutionally deprive Plaintiffs of her First Amendment Right under the Constitution of the State of California and Constitution of the United Stated.

24. Plaintiffs have no adequate remedy at law because she lost her First Amendment Right.

25. If the plaintiff is not promptly readmitted to West Valley College, there will be a delay in her completion of her second year of college, and her chance of ever receiving a college diploma

6

1   will be substantially diminished; as a result, plaintiff will suffer immediate and irreparable

2   psychological and financial harm.

3   26. Plaintiff continues to be threatened not to show up at West Valley College by the actions of

4   defendants under color of law, which actions are arbitrary and irrational and in violation of

5   the constitutional rights of the plaintiff, all to the plaintiff's extreme and irreparable damage.

6   WHEREFORE, plaintiff requests judgment:

7   1.  Ex Parte Temporarily restraining defendants, their agents, employees, and all persons in

8   active concert or participation with them, from denying Plaintiff, Chin_Li Mou, for going

9   back to the classes she enrolled during this semester and be able to attend the future school

10  year; or from suspending, excluding, or threatening to suspend or exclude plaintiff from

11  classes; or denying her rights; or creating non-exist school rules to force her to follow and;

12  2.  Setting a prompt hearing at which defendants shall show cause why they, and those in active

13  concert or participation with them, should not be enjoined during the pendency of this action

14  from continuing their denial of readmission to the plaintiff, and from continuing such

15  suspension, exclusion, or threats;

16  3.  Consolidating the hearing with the trial for preliminary, permanent injunctive relief, and after

17  such trial permanently enjoining defendants, and those in active concert or participation with

18  them, from the continued denial of admission of plaintiff to school, further suspensions,

19  exclusion, or threats;

20  4.  Directing that academic credits taken from the plaintiff for this incident academic

21  performance be restored to plaintiff, and that defendants and those in concert with them be

22  restrained and enjoined from assessing any penalties based on plaintiff's alleged violations of

23  non-existing(writing) school rules in the future;

24  5.  Declaring that the defendants have acted illegally and unconstitutionally in suspending

25  plaintiff from college and have acted illegally and unconstitutionally and in a capricious and

26  willful manner in refusing to permit plaintiff readmission to college;

27

28

7

1    6.  Awarding plaintiff the reasonable costs and expenses of this action, including but not limited

2       to attorney fees school tuition, textbooks and school supply; and

3    7.  Granting plaintiff such other and further relief as the court deems appropriate.

4

5    Dated: May 04, 2009

6

7

8

9                                     Chin_Li Mou

10                                    In Propria Persona

11                          **VERIFICATION**

12

13        I am the plaintiff in this action; the foregoing allegations in the Complaint are true of my

14    knowledge, except for the matters stated in it on my information or belief, as to those matters I

15    believe them to be true.

16        I declare under penalty of perjury that the foregoing is true and correct and that this

17    declaration was executed at San Jose, California .

18

19    Dated: May 4, 2009

20

21

22

23

24                          Chin-li (Karen) Mou,   Plaintiff

25

26

27

28

## SUPPORTING DECLARATION OF SEVEN YANG

I, Steven Yang, ex-husband of Plaintiff's , declare:

1. I heard play-back messages from Chin-Li (Karen) Mou's answering machine. In the voice message, a woman identifying herself as Susan from ET from West Valley College stated that she is not able to discuss school incident with Ms. Mou.

2. I have known Ms. Chin-Li (Karen) Mou for 25 years, including 17 years marriage, and have never heard plaintiff threatened anyone.

3. I have a MS degree in Electric Engineering from University of Maryland. I have been working in high tech industry since 1990 with excellent working records. My positions include Technical Leader, Project Lead, and Design Manager, etc.; I am currently employed as a Sr. ASIC Architect in hi-tech company in Silicon Valley.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 4, 2009, at San Jose, California.


Dated: May 4, 2009


Steven Yang

## SUPPORTING DECLARATION OF Chin_Li (Karen) Mou

I, Chin-Li (Karen) Mou , declare:

1. I am plaintiff in the above described action, and make this declaration, pursuant to First Amendment Right, in support of my complaint/motion for issuance of an **Ex Parte temporary restraining order**, without notice to West Valley, the defendant in the above-entitled proceeding.

2. I called a couple of staffs in West Valley College who I knew before this incident happened. I was told that they were not able to discuss my incident at West Valley College with me or even talk to me because Mr. Smith told them not to. Mr. Smith also disallowed me to discuss this incident with staff in West Valley College.

3. I will suffer irreparable injury if the the **Ex Parte temporary restraining order** is not issued pending hearing on my complaint/motion for a preliminary injunction, and **without notice to defendant or defendants' counsel**, in that, including but not limited to, I need support, information, and advice from some of the school staff, and my First Amendment Right was violated. I have the right to file discrimination complaints at West Valley College. However, it was taken away because I was ordered to go West Valley College. (Exhibit B)

4. The order should be **Ex Parte and without notice**, so I can immediately go back to the classes I registered for spring 2009. By missing too many classes, I will have difficulty to catch up since I have high blood pressure and depression problem. I also would like to file discrimination reports, as my First Amendment Right, at West Valley College

10

5. I had worked for high technology companies for more than 10 years with excellent performance. I have never threatened anybody in my life.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 4, 2009, at San Jose, California.

Dated: May 4, 2009

Chin-Li (Karen) Mou

11

Exhibit - A

West Valley Mission CCD
Registration Statement
04/23/09        09:35AM

Name: Chin-Li Mou
ID #: 1126901

Advisor: .......
Advisor Office:

| Registration Info | Begin | End |
|---|---|---|
| Term................: 2009SP | 02/02/09 | 05/30/09 |
| Residency Status.....: CAR California Resident | | |
| Academic Program(s)..: M.GENERAL.AA, M.LIBERAL.A | | |
| Anticipated Degree(s): AA, AA | | |
| Anticipated Comp Date: 06/01/08, 01/01/10 | | |

Mail To:

Chin-Li Mou
4141 Boneso Cir
San Jose CA 95134-1500

| Description | Amount |
|---|---|
| Balance Forward (02/02/09) | 2,897.00 |
| Current Charges | 43.00 |
| | ---------- |
| TOTAL CHARGES | 2,854.00- |
| | |
| Cash, Check & Credit Card Payments | 4.00- |
| Financial Aid Transmitted | 74.00- |
| Amounts Paid by Sponsors | 0.00 |
| Amounts Paid by Deposits | 0.00 |
| Amounts Currently Deferred on Payment Plans | 0.00 |
| Other Payments | 2,932.00 |
| | ---------- |
| TOTAL AMOUNT DUE FROM STUDENT | 0.00 |
| | ========== |

| SCHEDULE Course/Description | Days | Times | Location Bldg/Room | Instructor | Start Date | End Date | Cred/ CEU's | Stat |
|---|---|---|---|---|---|---|---|---|
| PARA*032*70368 Family Law | M | 09:10AM 12:30PM WV | AAS 15 | S. Hopkins | 02/02/09 | 05/30/09 | 3.00 | Dropped |
| PARA*065B*70370 MS Word for Law Off | S S | 09:00AM 12:05PM WV 12:45PM 04:50PM WV | TC TC-E TC TC-E | J. Grilli | 02/07/09 02/07/09 | 03/28/09 03/28/09 | 3.00 | Dropped |
| PARA*083A*70373 Evidence and Trial | TH TBA | 06:30PM 09:40PM TBA | TBA TBA TBA TBA | | 02/02/09 02/02/09 | 05/30/09 05/30/09 | 3.00 | Cancell |
| ENGR*023*69924 Vector Mechanics | T | 06:40PM 09:50PM | TBA TBA | A. Staff | 02/02/09 | 05/30/09 | 3.00 | Cancell |
| ECON*001A*69815 Prin MacRoeconomics | TBA | TBA | ONLN ONLINE | S. Liu | 03/23/09 | 05/30/09 | 3.00 | Dropped |
| ENGR*021*69923 Intr Prgm Sc & Engr | M TBA | 06:30PM 09:50PM WV TBA | TC TC-1 TBA TBA | R. Gerola | 02/02/09 02/02/09 | 05/30/09 05/30/09 | 3.00 | Dropped |
| LS*110*70160 Supervised Tutoring | TBA | TBA | WV LIB TU | M. Jue | 02/02/09 | 05/30/09 | | Dropped |



Exhibit-B

April 27, 2009

Chin-Li (Karen) Mou
4141 Boneso
San Jose, Ca 95134

Dear Ms. Mou

We met first on April 14, 2009 to discuss the complaints received from staff in the Career Program and the Dean of Career Education and Workforce Development, Dr. Prochaska.

This specific incident involved you being unwilling to leave the women's restroom as requested by the custodial staff for cleaning. He asked for assistance from the office of Career Programs and a female staff entered the restroom to made sure it was empty. However, upon informing you that the custodial staff was waiting to clean, you requested more time. Extra time was given you, but you still refused to leave and the police were called. This incident led to your arrest and consequently denied you permission to be on campus for up to fourteen days between April 8, 2009 and April 22, 2009 following the State of California Penal Code 626.4(A); notice of withdrawal of consent to remain on campus.

After meeting with me, I made a decision to allow you to remain on campus only to attend classes when needed and to leave campus after classes were over. The decision was made , as I told you at our April 14, 2009 meeting, to give time for me to review the numerous complaints surrounding this incident and others leading up to this situation.

I advised you that I would be prepared to make a decision at the April 22, 2009 meeting. At our meeting on Wednesday, April 22, 2009, I reiterated to you a series of complaints about your disruptive, verbal abusive and intimidating behavior that has negatively impacted the classroom and work environments at West Valley College. Complaints were made by a significant number of individuals including the Career Programs Office, Dean of Career Education and Workforce Development, the library, the Educational Transition Program, custodial staff, DESP and Health Services.

These complaints of disruptive behavior all fall under the West Valley College Student Code of Conduct policy. The behavior described in the complaint is in complete violation of the Student Code of Conduct, Section 5.19.2, A, B, C and P). It is also a violation of California Education Code 87708, A and B which refers to abuse of any academic employee in the presence of a student or other community college personnel (enclosed).

When we met, I informed you that I would be placing you on Disciplinary Suspension effectively immediately. You stated that you wanted to finish this semester, because you were going to be transferring to another college. Due to what has become a threatening environment for all involved, I denied your request. Numerous staff and faculty have given you their undivided attention trying to assist you during your time here at West Valley College, but you have not demonstrated the ability to conduct yourself in a mature and self-respecting manner and cannot be relied upon to act as a responsible and ethical college student.

You are suspended from West Valley/Mission College District effective on April 27, 2009 through January, 2010. You have been dropped from your Spring 2009 classes and your instructors will be notified. If you plan to return to West Valley College, you must meet with the Vice President of Student Services prior to your coming back on campus to take classes.

You have the right to appeal this decision to the Student Hearing Board (see attached) within 10 days in writing. You are not allowed back on campus after April 23, 2009.

Sincerely

Dr. Ernie Smith
Vice President Student Services

Enclosure: Student Code of Conduct and Hearing Board Procedures

Cc: John Hendrickson, Chancellor
    Dr. Phil Hartley, President
    Dr. Harriett Robles, President Mission College
    Dave Fishbaugh
    Ronnie Girola
    Samuel Liu
    Stacy Hopkins
    J. Grilli
    Dr. Fred Prochaska
    Cheryl Miller, Director of DESP
    West Valley Campus Police