1   CHIN-LI(Karen)MOU
    4141 Boneso Circle
2   San Jose, CA 95134

3

    Pro Se
4

5

6

7                    UNITED STATES FEDERAL COURT
8                    NORTHERN DISTRICT OF CALIFORNIA
                              SAN JOSE DIVISION
9

10

11

12  **CHIN-LI MOU,**                    )   **CASE NO. C09-01910**
                                        )
13           **Plaintiff,**             )   **COMPLAINT --FOR INJUNCTION and**
                                        )   **DAMAGE –FOR TEMPORARY**
14       **vs.**                        )   **RESTRAINING ORDER WITHOUT**
                                        )   **NOTICE TO ADVERSE PARTY, AND**
15  West Valley College, an individual and a )  **PRELIMINARY AND PERMANENT**
    non-profit educational corporation; JOHN )  **INJUNCTION-- Violation Of First**
16  HENDRICKSON, an individual; PHILIP L. )   **Amendment Right and other Civil Rights,**
    HARTLEY, an individual; ERNEST SMITH, )  **Conspiring to Violate, Plaintiff's First**
17  an individual; Dave Fishbaugh, an       )   **Amendment Right and other Civil Rights,**
    individual ;LAURA LORMAN, an individual; )  **all Violations of 42 USC 1983 and 42 USC**
18  CATHY AIMONETTI, an individual; FRED )   **1985 Under The 1st Amendment To The**
19  PROCHASKA, an individual; CHRIS      )   **United States Constitution as Applied To**
    ROLEN, an individual; LINBERO #107, an )  **The States By The 14th Amendment**
20  individual.                         )
                                        )
21                                      )
             **Defendants.**            )
22                                      )   **Filed: May 04, 2009**
                                        )
23                                      )

24

25                               **COMPLAINT**

26
    **PLAINTIFF** alleges:
27

28

                                        1

Dockets.Justia.com

1.  This court has jurisdiction of the subject matter of this action under Title 28 of the United
    States Code, §§ 1343(3), (4), Title 42 of the United States Code, § 1983 (28 U.S.C.A. §§
    1343(a) (3), 28 U.S.C.A. 1343(a) (4), 42 U.S.C.A. 1983), § 1985, and any Constructional
    violation. The rights, privileges, and immunities sought to be declared and redressed are
    those secured by the First, Eight, Ninth, and Fourteenth Amendments to the United States
    Constitution (Art. I, U.S. Constitution, Art. IX, U.S. Constitution, Art. XIV, U.S.
    Constitution). This is an action to redress the deprivation, under color of state law, of
    privileges and immunities secured to the plaintiff by the Constitution of the United States of
    America.

2.  Plaintiff Chin-Li (Karen) Mou, hereinafter also referred to as Plaintiff, is informed and
    believes and thereon alleges that the Defendant, West Valley College and West Valley –
    Mission District Police Department are operating under the laws of the State of California,
    and situated in the County of Santa Clara, City of Saratoga, California. The United States
    Federal Court, Northern District of California, San Jose Division is the proper court for this
    action.

3.  Plaintiff Chin-Li (Karen) Mou is a citizen of the United States and therefore entitled to all
    protections provided for by the United States Constitution. Plaintiff was a student at West
    Valley College, a public college in Saratoga, which maintains its offices and headquarters at
    14000 Fruitvale Avenue, Saratoga, CA 95070 in Santa Clara County.

4.  Defendant John Hendrickson is the chancellor of the West Valley College.

5.  Defendant Philip L. Hartley is the President of West Valley College, and is sued in his
    official capacity, in which he was, at all times relevant to this complaint, acting under color
    of state law.

6.  Defendant Ernest Smith is the Vice President of Student Support Service of West Valley
    College , and is sued in his official capacity, in which he was, at all times relevant to this
    complaint, acting under color of state law.

2

7. Defendant Dave Fishbaugh is the Vice President of Instruction of West Valley College , and is sued in his official capacity, in which he was, at all times relevant to this complaint, acting under color of state law.

8. Defendant Laura Lorman is Chief of Police at West Valley—Mission District Police Department, and is sued in his official capacity, in which he was, at all times relevant to this complaint, acting under color of state law.

9. Defendant FRED PROCHASKA is Dean of Career Programs and Workforce Development at West Valley College, and is sued in his official capacity, in which he was, at all times relevant to this complaint, acting under color of state law.

10. Defendant CATHY AIMONETTI is secretary of Dean of Career Programs and Workforce Development at West Valley College, and is sued in her official capacity, in which she was, at all times relevant to this complaint, acting under color of state law.

11. Defendant Chris Rolen is Lieutenant and Supervisor of Police Patrol & Investigation of West Valley –Mission District Police Department , and is sued in his official capacity, in which he was, at all times relevant to this complaint, acting under color of state law.

12. Defendant Linbero #107 is a police of West Valley –Mission District Police Department , and is sued in his official capacity, in which he was, at all times relevant to this complaint, acting under color of state law.

13. Each defendant is sued individually and in such defendant's official capacity. Defendants are acting under color of authority of law of the State of California. All of the defendants are engaged in the operation and maintenance of West Valley College, and in the formation, promulgation, and enforcement of rules and regulations of West Valley College, and with the suspension or expulsion of students from that college.

14. On or about April 8 Wednesday afternoon around 4:30pm, Plaintiff went in restroom next to Career Programs in AAS building at West Valley College. Plaintiff was there for two minutes and immediately had to get out because a staff in career program, Cathy Aimonetti, harassed

3

and threatened plaintiff. Plaintiff just visited Health Center minutes ago due to the allergy problem. She took medicine without water because there was no water left in the health center. Plaintiff planned to drink water stored in her locker in the restroom. But, she was not allowed to sip water; instead she was harassed by Cathy Aimonetti. Cathy further threatened plaintiff that she would empty plaintiff's locker.

15. Aimonetti told Plaintiff that janitor complained about her. About 2 semesters ago, this janitor harassed plaintiff. He threatened plaintiff that he would have police arrest her, if plaintiff didn't get out of restroom right at the moment he ordered plaintiff to do so. Plaintiff went to talk to the person in charge of janitors. He did conclude that the janitor has to wait patiently until whoever was inside finished. Plaintiff has tried to rush in and out around 4:30pm every time for many semesters. However, this janitor was determined to retaliating at plaintiff. He found every chance to harass plaintiff.

16. The following day Plaintiff paid a visit to Aimonetti and asked her to stop harassing her. Plaintiff also mentioned about her conversation with the head of janitors and her medical condition to both her and Dr. Fred Prochaska. They were heartless and didn't seem to care. Aimonetti further lied to Dr. Fred Prochaska by saying plaintiff spent 5 minutes in the restroom while plaintiff was in there for only two minutes.

17. Plaintiff told Aimonetti that she would tell other student what she did to Plaintiff. Aimonetti maliciously lied to Dr. Fred Prochaska that plaintiff threatened to "get her". However, English is plaintiff's second language. Plaintiff didn't speak a word of English before she did. Plaintiff can read, write and speak formal English well, but she doesn't speak slang English. Plaintiff truly believe that Aimonetti made up the threat just to make plaintiff to be suspended from school, so plaintiff would not have any chance to tell the truth to other staff or students. Plaintiff believes that Aimonetti tried to teach plaintiff a lesson to learn not to speak the truth, so in the future plaintiff will be timid to speak up.

4

18. On April 8, 2009, plaintiff was suspended by West Valley College from regularly using women's rest room and was illegally arrested and beat up by police Linbero #107 and another police whose name was unknown to Plaintiff. One of the officers handcuffed plaintiff without telling her which law she violated. While plaintiff was in the police car, one of the officers opened his penal code book and tried to find anything he can use to against plaintiff. He also shamelessly showed his preexisting whatever on his hand and arm and lied they were caused by plaintiff. On the way to the police car, Linbero lied to Dr. Smith that he, as a police, had special authority to arrest any one he wanted. Police suspended her from school for a period of 14 days commencing on April 9, 2009. On the way to county jail, Linbero made a discriminatory remark to plaintiff. He yelled at plaintiff "Go back to Vietnam." Plaintiff was not even from Vietnam, and felt she has seriously been discriminated by this police just because she is an aged petite Asian woman. He further stated that the police are above the law in the United States.

19. Next day, Plaintiff requested to meet with Mr. Smith, but she could not. Plaintiff called Dr. Hartley, the President of West Valley College, to request a meeting. Plaintiff was told that Dr. Harley did not wish to speak to her. Plaintiff had no choice but to call Mr. Hendrickson, the chancellor of the West Valley College, to request a meeting. Finally Mr. Hendrickson's assistant made Mr. Smith to set up a meeting with plaintiff. Plaintiff believed Mr. Smith was not happy about what plaintiff did. Plaintiff believed Mr. Smith decided to ignore plaintiff's due process and/or equal protection. He made an unreasonable rule for plaintiff. He stated he would have Aimonett write her side of story and punish plaintiff from there.

20. On April 24, after the 14-day suspension period, plaintiff had a meeting with Mr. Smith at 1:30pm. Plaintiff tried to communicate with Dr. Smith that she, as an aged Asian Woman, felt that some of school staff treated her inhumanly. However, Mr. Smith, who also violates Plaintiff's equal protection, replied without any sympathy and patience that he, as a black,

had to go through a lot; and of course, Plaintiff, as an Asian woman, had to go through even
more.

21.  Plaintiff felt she had been discriminated by Mr. Smith. She would like to file a
discrimination report at West Valley College, and Mr. Smith knew that she would do so.
Plaintiff believes, therefore, Mr. Smith suspended her from both West Valley and Mission
College for at least two semesters. After two semesters, plaintiff has to obtain Mr. Smith's
permission in order to get back to school. It is plaintiff's further belief that Mr. Smith will not
grant plaintiff's request, and that plaintiff's opportunity for higher education is completely
ruined by his ill-intention. Plaintiff was not able to file complaints about the staff who
discriminated against her, which is a violation of her First Amendment Right.

22. Further, without any due process, Mr. Smith dropped Plaintiff's classes without a "W"
(Exhibit A), including the class she finished in March, which causes irreparable injury.
Plaintiff is worried and afraid that Mr. Smith is going to do more damage to her schooling in
both West Valley and Mission College. Plaintiff is also afraid she will miss too many class
and will not be able to catch up. Plaintiff believes that those ill-mined staff and Mr. Smith
want to get rid of her because she voices up her rights when her rights are violated. Plaintiff
is a GPA 4.0 student in West Valley College paralegal program and has put a lot of efforts
into all of her classes. Plaintiff didn't feel there is any justification for Mr. Smith to drop all
her classes. Plaintiff believes that Mr. Smith did that to retaliate Plaintiff for his staff and
himself whom discriminated at her. Although academic freedom is not one of the enumerated
rights of the First Amendment, the right to teach, inquire, evaluate and study is fundamental
to democratic society, and First Amendment safeguards will be quickly brought into play to
protect the right of academic freedom.  Mr. Smith and other staff in West Valley college
conspiracy took plaintiff's right without any justification.

23. On information and belief, Mr. Smith further acts like attorney to advise and police school
staff not to speak/talk to plaintiff and/or not to talk about her incident at West Valley College.

6