**E-Filed 5/7/2009**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CHIN-LI MOU,<br><br>                Plaintiff,<br><br>    v.<br><br>WEST VALLEY COLLEGE, et al.,<br><br>               Defendants. | Case Number C 09-1910 JF (RS)<br><br>ORDER[1] DENYING EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION<br><br>[re: docket no. 4] |

      Plaintiff Chin-Li Mou, proceeding *pro se*, alleges that Defendant West Valley College and several of its employees violated her civil rights when she was suspended from attending classes after several confrontations with teachers, administration and staff. Plaintiff filed her initial complaint on May 1, 2009, and on May 4, 2009 she filed a First Amended Complaint ("FAC") and a request for a temporary restraining order ("TRO"). Plaintiff seeks, *inter alia*, immediate reinstatement into the classes in which she had been enrolled prior to the suspension. Plaintiff has not given notice to Defendants of the instant request.

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 09-1910 JF (RS)
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)

Dockets.Justia.com

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

A TRO may be issued without notice to the adverse party *only if* "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Moreover, in this district an applicant for a TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order." Civ. L.R. 65-1(b).

Plaintiff offers no justification for the issuance of a TRO without notice to Defendants, although it may be assumed that her reinstatement into classes would occur more quickly if the Court issued a TRO immediately. However, such an assumption is not sufficient to show good cause for relief from the notice requirement. In addition, from a letter attached to the FAC as an exhibit it appears that Plaintiff may have engaged in behavior that contributed in some respects to her suspension, which diminishes the likelihood of success on the merits. Finally, Plaintiff has not shown substantial risk of irreparable injury because if she does prevail on the merits, the Court will be able to reinstate her as a student at a later date.

2

Case No. C 09-1910 JF (RS)
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)

Because Plaintiff has not provided notice or shown that there would be immediate and irreparable injury, the request for a TRO will be denied. Plaintiff may renew her arguments on a motion for a preliminary injunction.

**ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's application for a TRO is DENIED;

2. Plaintiff shall serve Defendants with copies of the FAC and this order;

3. Plaintiff's motion for preliminary injunction is set for hearing on May 22, 2009 at 9:00 am. Each party may file a brief in support of or in opposition to the motion for preliminary injunction, not to exceed fifteen (15) pages in length, on or before May 20, 2009.

DATED: May 7, 2009

_____
JEREMY FOGEL
United States District Judge

Case No. C 09-1910 JF (RS)
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)

1  This Order has been served upon the following persons:

2

Chin-Li Mou
3  4141 Boneso Circle
San Jose, CA 95134

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 09-1910 JF (RS)
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON
MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)