CHIN-LI(Karen)MOU
4141 Boneso Circle
San Jose, CA 95134

Pro Se

FILED
2009 MAY 29 A 11:31
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

# UNITED STATES FEDERAL COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| CHIN-LI MOU,<br><br>    Plaintiff,<br><br>vs.<br><br>West Valley College, an individual and a non-profit educational corporation; JOHN HENDRICKSON, an individual; PHILIP L. HARTLEY, an individual; ERNEST SMITH, an individual; Dave Fishbaugh, an individual; LAURA LORMAN, an individual; CATHY AIMONETTI, an individual; FRED PROCHASKA, an individual; CHRIS ROLEN, an individual; LINBERO #107, an individual.<br><br>    Defendants. | CASE NO. C09-01910<br>Amended<br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY INJUNCTION<br><br>Date: May 29, 2009<br>Time: 9:00AM<br>Dept.: Court Room 3<br><br>Filed: May 27, 2009 |

1

Dockets.Justia.com

COMES NOW PLAINTIFF CHIN-LI MOU, submits the following Memorandum of Points and Authorities in Support of her preliminary injunction in her complaint:

## I. INTRODUCTION and FACTS

About two semesters ago, one of the custodians at West Valley College (WVC) threatened Plaintiff that he would call police officer to arrest her if she did not get out of the restroom when he came in. The custodian and police showed up on April 8, 2009 around 4:30pm and ordered plaintiff to come out within two minutes <u>without giving the same order to another student who was also in the same restroom at that time.</u> Plaintiff came out within two minutes and tried to fetch a bottle of water in her locker in the restroom because she just swallowed medicine without water. She was punished by the police and was forced to defend herself. Plaintiff, as a quiet petite Asian woman, is 5'1 tall and weighs about 103 pounds at that time, was hurt by the two police whose totally weight were about 500 pounds. Mr. Smith expelled plaintiff and dropped all her classes from WVC <u>without any due process</u>. Mr. Smith further wrote a letter to cancel the scholarship award (Exhib. A- a true copy) that plaintiff had just been rewarded for her hard work, demonstrated as a 4.0-GPA student in WVC. <u>Mr. Smith further threatened Plaintiff not to discuss the incident happened on April 8, 2009 with any school staff. His order has chilling effect on the whole campus, and all staffs were disallowed to discuss that incident with Plaintiff.</u> When plaintiff called staff in WVC and tried to get advice or even to call to say hi, mostly she was rejected because of Mr. Smith's order. Plaintiff started taking Paralegal classes since spring 2007, and enjoys every class from Ms. Hopkins, Ms. Mathieson, Ms. Dawkins, and Ms. Grilli. None of these instructors has any complaint about her violating any rule prior to the incident happened on April 8,

2009. She studies everywhere in the campus and complies every rule. Within these two years, the only confrontation was with two library clerks who threaten and insisted forcing her to follow the rules that do not exist (ex post facto law) at that time. According to California Constitution ARTICLE 1—SEC. 9:

> A bill of attainder, ex post facto law, or law impairing the obligation of contracts may not be passed.

## II. Legal Arguments

**A. A PRELIMINARY INJUNCTION IS NECESSARY TO PREVENT FURTHER GREAT OR IRREPARABLE INJURY TO PLAINTIFFS UNTIL THIS CASE IS RESOLVED.**

A preliminary injunction is the appropriate and authorized relief to prevent a continuation of the irreparable injury such as First Amendment Rights, Due process, and Equal Protection to which plaintiffs have been subjected. <u>Plaintiff need not show positively they will prevail on the merits. A reasonable probability of success, not an overwhelming likelihood, is all that need be shown for preliminary injunctive relief. [Gilder V. PGA Tour, Inc. (9th Cir. 1991) 936 F2d 417, 422.</u> Plaintiff is likely to prevail because plaintiff's Constitution Rights are violated. <u>When a violation of constitutionally-protected rights is shown, most courts hold no further showing of irreparable injury is required.[ Associated Gen. Contractors of Cali. V. Coalition for Economic Equity (9th Cir. 1991) 950 F2d 1401,1410; Brewer V. West Irondequoit Cent. School Dist. (2nd Cir. 2000) 212 F3d 738, 744-745. But see</u> Northeastern Fla. Chapter of Ass'n of Gen. Contractors of America V. Jacksonville, Fla (11th Cir. 1990) 896 F2d 1283, 1285-1286.

3

Plaintiff has not violated any school rule because there was never a rule saying a student can only spend two minutes or less in the restroom. There was never a sign or rule saying woman's restroom closed at 4:30 pm everyday. There was never a school rule saying every student has to take order from any school staff while there was no written school rule to prohibit. There is no school rule for anybody to have to "cut it short" while a custodian needs to clean the woman's room. Mr. Smith treats plaintiff inhumanly and unconstitutionally. Mr. Smith's order and threats to plaintiff to "cut it short" even she is in the middle of using the toilet whenever the custodian needs to clean the woman's room are ***arbitrary, capricious, and inhuman*** while the head of custodian advised her two semester ago that custodian has to wait until the last person goes in the restroom before the custodian patiently. Not to mention, Mr. Smith's threat and order to "cut it short" to plaintiff is also **a violation of equal protection and due process because other students don't have to follow this order/threat.** By ordering and threatening plaintiff to follow rules while other students don't have to is a violation of, including but not limited to, equal protection, due process, 42 U.S.C 1983, 1985, 1986 (Era Civil Rights Act),Tom Banc Civil Rights Act ("Bane Act"), which is codified at California Civ. Code S 51.7 and 52.1 and penal code S 422.6 seq. Irreparable harm is presumed where defendants engage in acts or practices prohibited by status that provides for injunctive relief. For example, "where a defendant has violated a civil rights statute, we **presume that the plaintiff has suffered irreparable injury** from the fact of the defendant's violation." [Silver Sage Partners, Ltd. V. City of Desert Hot Springs (9th Cir. 2001) 251 F3d 814,827.

4

Some of the staff from WVC making some racial marks to Plaintiff, she would like to file discrimination reports against them. On information and belief, those staff latter retaliated and demand Mr. Smith to expel plaintiff from West Valley College. Therefore, plaintiff would not have the chance to file discrimination reports against them because she was not allowed to go to WVC campus; she would not be able to file discrimination/harassment complaint. According to United States Constitution First Amendment Right:

> "People have the right peaceably to assemble, and to petition the government for a redress of grievances."

Direct penalization of First Amendment rights constitutions irreparable injury for the purpose of granting a preliminary. ( see Butler V. Alabama Judicial Inquiry Comm'n, 111 F. Supp. 2d 1241 (M.D. Ala. 2000). Furthermore, the **loss of First Amendment freedoms for even minimal periods of time constitutes irreparable injury** justifying the grant of a preliminary injunction. (Elrod V. Burns, 427 U.S 347, 373,96 S. Ct. 2673 (1976). Plaintiff has the right to discuss the incident happened on April 8, 2009 to anyone to seek for help, information, advise, or truth. This type of speech is **content-neutral** and is guaranteed by United State Constitution First Amendment Rights. **An injunction** will be **permitted** of it is burdens "no more speech than necessary to serve a significant government interest." [Madsen V. Women's health Center, Inc. (1994) 512 US 753, 765, 114 S. Ct. 2516, 2525; Schenck V. Pro-Choice Network of Western New York (1997) 519 US 357, 372-374, 117 S. Ct. 855, 864-865; see Dr. Seuss Enterprises, L.P. V. Penguin Books USA, Inc (9th Cir 1997) 109 F3d 1394, 1403. In addition, there is no due process to this expulsion. Mr. Smith, including a class that Plaintiff finished in

March, canceled all of Plaintiff's classes, which causes irreparable injury. There is no way for Plaintiff to catch up or make up with those classes she missed. Final exam is also coming. United States Constitution Section 1.Amendment XIV:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws

**B. A PRELIMINARY INJUNCTION AGAINST DEFENDANTS SHOULD ISSUE BECAUSE IT IS LIKELY THAT PLAINTIFFS WILL PREVAIL ON THE MERITS AND THE BALANCE OF HARDSHIPS FAVORS PLAINTIFFS**

Plaintiffs are likely to succeed on the merits of their action because Mr. Smith never present to Plaintiff any school rule clearly stating a student can only spend less two minutes in the restroom, a sign or rule saying woman's restroom closed at 4:30 pm everyday, or every student has to take order from any school staff while there was no written school rule to prohibit or enforce. Plaintiff received two police citations at the same time after she was illegal arrested. The continuing losing her rights guaranteed, including but not limited to, U.S Constitution, California Constitution ,California Civil Code 51.7 and 52.1 by harm, threaten, and harassment to plaintiffs, if a preliminary injunction does not issue, is irreparable. No amount of money can compensate for the mental anguish of citizen who is not allowed to discuss her incident, find out the information, the truth, filing complaints, or the support she needed with any staff or student in West Valley College. No amount of money can compensate plaintiff's absence of classes. Unless a **preliminary injunction** issues to prohibit any further threat,

violence and intimidation or arrest by defendants, Plaintiff runs a substantial risk of further physical and emotional injury, and even death. By comparison, by allowing plaintiff going back to classes/schools, finding information, truth, support, or discussing incident happened on April 8, 2009 *no harm will befall defendants* as a result of the proposed *preliminary injunction*. Thus, the balance of any hardships to be considered weighs substantially in favor of plaintiffs and the issuance of a **preliminary injunction**.

## III. Conclusion

For the reasons stated above, the **motion** of plaintiffs, Chin-Li Mou, for a **preliminary injunction** for going back to the classes she enrolled during this semester and be able to attend the future school year; re-awarding Norma scholarship that Mr. Smith cancelled on Plaintiff; and from suspending, excluding, or threatening to suspend or exclude plaintiff from classes; and denying her rights; and creating non-exist school rules to force her to follow; and any further harassment, threat, unequal treatment or violence, or as the case may be.

Dated: May 27, 2009

_____
Chin-Li Mou



April 5, 2009

(Exhib A)

Chin-Li (Karen) Mou
4141 Boneso Circle
San Jose, CA 95134

Dear Ms. Mou

It has come to my attention that you were awarded a scholarship this year. This letter is to inform you that we will not be able to award you the Norma Crawford scholarship for $350.00 due to your suspension from West Valley College for this semester and Fall 2009.

If you have any questions regarding this matter, please feel free to call me at (408) 741-2020.

Sincerely

Dr. Ernie Smith
Vice President, Student Services

Cc: Phil Hartley, President
    Dave Fishbaugh, Vice President Student Services
    Ginny Aragon, Dean of Student Support Services
    Maritza Cantarero, Financial Aid Director