John A. Shupe, Esq., SBN: 87716
Eric K. Shiu, Esq., SBN: 156167
SHUPE AND FINKELSTEIN
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: (650) 341-3693
Facsimile: (650) 341-1395

Attorneys for Defendant West Valley
Community College District (erroneously sued herein
as West Valley College), John Hendrickson, Philip L.
Hartley, Ernest Smith, Dave Fishbaugh, Laura Lorman,
Cathy Aimonetti, Fred Prochaska, Chris Rolen &
Marcus Lindberg

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIN-LI MOU,<br><br>    Plaintiff,<br><br>    v.<br><br>WEST VALLEY COLLEGE, an individual and a nonprofit educational corporation; JOHN HENDRICKSON, an individual; PHILIP L. HARTLEY, an individual; ERNEST SMITH, an individual; DAVE FISHBAUGH, an individual; LAURA LORMAN, an individual; CATHY AIMONETTI, an individual; FRED PROCHASKA, an individual; CHRIS ROLEN, an individual; LINBERO #107, an individual,<br><br>    Defendants. | Case No: C09-01910 JF<br><br>**DEFENDANTS' ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

Comes now Defendants West Valley Mission Community College District (erroneously sued herein as "West Valley College"), John Hendrickson, Philip Hartley, Ernest Smith, Dave Fishbaugh, Laura Lorman, Cathy Aimonetti, Fred Prochaska, Chris Rolen and Marcus Lindberg (erroneously sued herein as "Linbero #107") (collectively, "Defendants") and, as and for an answer to the Amended Complaint of Plaintiff Chin-Li Mou ("Plaintiff"), do now admit, deny and otherwise allege as follows:

1.  As and for an answer to the allegations of paragraph number 1 of the Amended Complaint (hereinafter, references to the Amended Complaint will be by paragraph number thereof only), Defendants admit only that the cited laws and statutes state what they state, nothing more and

1  nothing less; and that this Court does have subject matter jurisdiction over claims arising under
2  federal law. Defendants deny each other allegation of said paragraph.

3      2.    As and for an answer to paragraph 2, Defendants admit only that the West Valley
4  Mission Community College District ("District") is the owner of the real property known as West
5  Valley College; that the District is located entirely within the boundaries of the County of Santa
6  Clara, State of California; and that its campus police department is also located therein. Defendant
7  denies each other allegation of said paragraph.

8      3.    As and for an answer to paragraph 3, Defendants admit that Plaintiff at various times
9  in the past has been a student of West Valley College located at 14000 Fruitvale Ave., Saratoga, CA
10  which is within the County of Santa Clara. Defendants lacks sufficient information or belief to admit
11  or deny the other allegations of said paragraph, and on that basis denies such other allegations.

12      4.    As and for and answer to paragraphs 4 - 12, inclusive, Defendants admit that the
13  individual defendants identified as John Hendrickson, Philip Hartley, Ernest Smith, Dave
14  Fishbaugh, Laura Lorman, Fred Prochaska, Cathy Aimonetti, Chris Rolen and Linbero #107 are
15  each employees of Defendant who are sued in their official capacities. Defendants deny each other
16  allegation of said paragraphs.

17      5.    As and for an answer to paragraph 13, Defendants admit only that each of the named
18  individual defendants is an employee of Defendant District. Defendant denies each other allegation
19  of said paragraph.

20      6.    As and for an answer to paragraphs 14 - 18, inclusive, Defendants admit only that
21  Plaintiff was repeatedly warned not to use campus restrooms as her residence; that she continued to
22  reside and/or attempt to reside in a campus restroom despite these warnings, creating a health and
23  safety hazard for other students and staff; and that after Plaintiff's failure to comply with repeated
24  warnings, she was disciplined by appropriate campus authority in a manner which complied with
25  due process requirements and did not violate any of Plaintiff's rights. Defendants deny each other
26  allegation of said paragraph.

27      7.    As and for an answer to paragraphs 19 - 28, inclusive, Defendants deny each and
28  every allegation thereof.

**Shupe and Finkelstein**
177 Bovet Road, Suite 600
San Mateo, CA 94402
(650) 341-3693

8. As and for an answer to the Prayer for Relief, Defendants deny the allegations thereof; and further deny that any employee of Defendant District has injured or damaged Plaintiff or violated her rights; and further deny that Plaintiff has been injured or damaged in any amount or fashion.

**AFFIRMATIVE DEFENSES**

1. AS AND FOR A FIRST AFFIRMATIVE DEFENSE, defendants allege that neither the Amended Complaint nor any claim thereof alleges facts sufficient to constitute any cause of action against these defendants.

2. AS AND FOR A SECOND AFFIRMATIVE DEFENSE, the individual defendants allege that they are entitled to qualified immunity to the claims alleged, in that their actual conduct (as opposed to the conduct pleaded in the Amended Complaint) did not violate any clearly established federal law at the time the individual defendants engaged in that conduct. (***Harlow v. Fitzgerald***)

3. AS AND FOR A THIRD AFFIRMATIVE DEFENSE, defendant District and individual defendants sued in their official capacities allege that they are immune from liability under 42 U.S.C. section 1983, 1985 and 1986 based on the Eleventh Amendment to the United States Constitution; and are to that extent immune from liability on all state law claims arising from the same facts.

4. AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, defendants deny that their acts or omissions with respect to the plaintiffs were motivated by plaintiffs' speech; however, to the extent the trier of fact determines that defendants did consider said speech, defendants would have engaged in the same acts or omissions towards the plaintiff even if defendants had not considered said speech.

5. AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, defendants allege that the interests of defendants in accomplishing the business of the District as an enterprise outweigh the interests of plaintiff in engaging in First Amendment protected activities.

6. AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, defendants allege that the entire Amended Complaint, as well as specific claims therein, is barred by the pertinent statutes of

Shupe and Finkelstein
177 Bovet Road, Suite 600
San Mateo, CA 94402
(650) 341-3693

1 limitations including, without limitation, California Code of Civil Procedure sections 340, 342,
2 California Government Code sections 911.2, 945.4 .

3     7.    AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, defendants allege that
4 state law causes of action are barred by plaintiffs' failure to exhaust the claims presentation process,
5 because plaintiff failed to present a timely claim to defendant District pursuant to Government Code
6 section 911.2.

7     8.    AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, defendants allege that state
8 law causes of action are barred by plaintiff's failure to exhaust the claims presentation process of the
9 California Tort Claims Act, in that plaintiff is not entitled to sue on causes of action which are not
10 fairly reflected in the claim she presented to defendant District.

11     9.    AS AND FOR A NINTH AFFIRMATIVE DEFENSE, defendants allege that
12 plaintiff invited and consented to any misconduct by defendants, and are therefore barred and
13 estopped from suing thereon, or on any claim for assault and battery or use of excessive force.

14     10.    AS AND FOR A TENTH AFFIRMATIVE DEFENSE, defendants allege that
15 plaintiff was comparatively or contributorily negligent, and that plaintiff's comparative or
16 contributory negligence bars her negligence cause of action, or entitles defendants to a set-off as to
17 the extent of plaintiff's own negligence.

18     11.    AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, defendants allege that
19 they did not consider nor were they motivated by plaintiff's race, nationality, age, or gender in
20 taking the actions they took regarding plaintiff; and that they in all cases were motivated only by
21 valid and lawful business justifications. However, if the jury determines that defendants (or any of
22 them) were motivated by an illegal factor, defendants would have made the same decision and
23 would have taken the same action regarding plaintiff even if defendants had not considered an illegal
24 factor.

25 //
26 //
27 //
28

**Shupe and Finkelstein**
177 Bovet Road, Suite 600
San Mateo, CA 94402
(650) 341-3693

12. AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, defendants allege that any liability under State law is barred by discretionary immunity under Government Code section 820.2.

## DEMAND FOR TRIAL BY JURY

Defendant demands a trial by jury of the Plaintiff's claims.

Dated: June 16, 2009

                                  SHUPE AND FINKELSTEIN

                                  By_____/s/_____
                                      John A. Shupe, Attorneys for Defendants

**Shupe and Finkelstein**
177 Bovet Road, Suite 600
San Mateo, CA 94402
(650) 341-3693