**E-Filed 6/29/2009**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CHIN-LI MOU,<br><br>                     Plaintiff,<br><br>     v.<br><br>WEST VALLEY COLLEGE, et al.,<br><br>                     Defendants. | Case Number C 09-1910 JF (RS)<br><br>ORDER[1] DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>[re: docket no. 4] |

Plaintiff Chin-Li Mou ("Plaintiff"), proceeding *pro se*, alleges that Defendant West Valley College ("WVC") and several of its employees violated her civil rights by having her arrested illegally, suspending her from WVC without due process, violating her right to equal protection of the laws, and improperly restricting her right of free speech. She seeks a preliminary injunction requiring, *inter alia*, cancellation of her suspension and her immediate reinstatement in the classes in which she was enrolled prior to the suspension. For the reasons discussed below, the motion will be denied.

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 09-1910 JF (RS)
ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
(JFEX1)

Dockets.Justia.com

## I. BACKGROUND

Plaintiff is a paralegal student at WVC. Defendants allege that she habitually failed to leave a campus restroom when requested to do so by the custodian responsible for cleaning the restroom. After one such incident on April 8, 2009, Plaintiff allegedly became belligerent, yelling obscenities at the custodian. The next day, Plaintiff allegedly harassed and threatened various members of the WVC staff. At 4:25 PM on the same day, she allegedly refused to leave the restroom again, and the police were called to remove her from the campus. Plaintiff ellegedly resisted arrest, but she eventually was handcuffed, taken to jail and ordered to stay away from the campus. Plaintiff alleges that the police used excessive force and later yelled a racial epithet at her.

On April 14 and 22, 2009, Plaintiff met with Ernest Smith, Vice President of Student Services at WVC, to discuss the incident. At the second meeting, Dr. Smith decided to suspend Plaintiff for the rest of the spring semester and for the upcoming fall semester. Plaintiff claims that her spring semester classes, including a class she had finished in March, were dropped from her transcript without a "W" ("withdrawal") notation. Plaintiff alleges that Dr. Smith warned her not to discuss the incident with school staff and instructed staff members not to speak with her. Plaintiff appealed the suspension, and a hearing was scheduled before the Student Disciplinary Hearing Board ("the Board") on June 2. Plaintiff did not appear personally at the hearing, claiming that it occurred too late to provide her with effective relief, but the proceeding took place in her absence. Following the hearing, the Board concluded that the suspension was proper. A notice of the decision was issued on June 11, 2009.

## II. LEGAL STANDARD

"The traditional equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest." *Textile Unlimited, Inc. v. A..BMH and Co., Inc.*, 240 F.3d 781 (9th Cir. 2001). "A preliminary injunction is not a preliminary adjudication on the merits, but rather a device for preserving the status quo and preventing the irreparable loss of rights

before judgment." *Id*.

## III. DISCUSSION

There are several reasons why Plaintiff is not entitled to injunctive relief at the present time. First, she has failed to meet her burden of demonstrating irreparable injury. Because the spring semester has concluded, the Court cannot reinstate Plaintiff in her spring semester classes. If Plaintiff does prevail on the merits, the Court can order her reinstatement prospectively. In addition, the paralegal program in which Plaintiff was enrolled has many reasonable substitutes, and Plaintiff has not shown that she is unable to enroll in a different program.

Second, the balance of hardships tips against Plaintiff, as the hardship to WVC caused by a repeatedly disruptive student is greater than the hardship to Plaintiff of possible delay in getting a degree. *See Boucher v. School Bd. of School Dist. of Greenfield*, 134 F.3d 821 (7th Cir. 1998). Third, based on the evidence presently in the record, it is highly unlikely that Plaintiff will succeed on the merits. Finally, Plaintiff has failed to exhaust her administrative remedies, as she failed to appear at the June 2 hearing before the Board.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiff's application for a preliminary injunction is DENIED.

DATED: June 29, 2009

JEREMY FOGEL  
United States District Judge

1  This Order has been served upon the following persons:

2  John A. Shupe , Esq     jas@bovetprofessional.com, marcia@bovetprofessional.com

3  Chin-Li Mou
   4141 Boneso Circle
4  San Jose, CA 95134