John A. Shupe, Esq., SBN: 87716
Eric K. Shiu, Esq., SBN: 156167
SHUPE AND FINKELSTEIN
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: (650) 341-3693
Facsimile: (650) 341-1395

Attorneys for Defendants WEST VALLEY
COMMUNITY COLLEGE DISTRICT and
individually named employees

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CHIN-LI MOU, | ) Case No: C09-01910 JF |
|---|---|
| Plaintiff, | ) **DEFENDANT'S OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT - FRAUD AND MISCONDUCT** |
| v. | |
| WEST VALLEY COLLEGE; et. al. | |
| Defendants. | |

## INTRODUCTION

Defendants WEST VALLEY MISSION COMMUNITY COLLEGE DISTRICT (hereinafter "College District") and its employees sued herein hereby submit this Opposition to Plaintiff CHIN-LI MOU's Motion for Relief from Judgment - Fraud and Misconduct. With this Motion, Plaintiff seeks (a) a new preliminary injunction hearing; and (b) an Order compelling Defendants to schedule an administrative review hearing.

Plaintiff is a former student at West Valley College who was suspended from class because of her rude, belligerent and disruptive behavior towards College staff. Plaintiff filed this action seeking an injunction requiring the College District to return her to class, reinstate her scholarship, and refrain from "harassing" her..

On June 29, 2009, this Court entered an Order Denying Plaintiff's Request for a Preliminary Injunction. A true and correct copy of the June 29, 2009 Order is attached hereto as Exhibit "A," and made a part hereof. Plaintiff appears to have misinterpreted this Order as a final judgment. On

Opposition to Motion for Relief from Judgment   Case No. C09-01910 JF   Page 1

August 4, 2009, Plaintiff filed the instant Request for Relief from Judgment, asserting that the Order was unfair because she did not have an opportunity to respond to Defendants' Opposition as it had not been mail-served upon her. Plaintiff states that if she had had the opportunity to respond, she would have asserted that the College District wilfully and maliciously delayed the administrative hearing on her suspension appeal. (Motion, at 4, lines 6-15.)

Since there is no final judgment in this matter, Defendants understand Plaintiff's Motion to be one for reconsideration of the Court's earlier Order Denying Plaintiff's Request for a Preliminary Injunction. While Defendants do not object to a new hearing, Plaintiff has not presented any new evidence requiring modification of the Court's earlier ruling. Also, Plaintiff cannot initiate an administrative review hearing by filing a motion with this Court. Accordingly, Defendants respectfully requests that this Court deny Plaintiff's Motion in its entirety.

## ARGUMENT

A. <u>Plaintiff Cannot Obtain Relief Under Rule 60, as there has been No Final Judgment Entered.</u> Rule 60 of the Federal Rules of Civil Procedure allows a party to set aside a Judgment if there exists newly discovered evidence that could not have been discovered at the time of trial or if there is fraud. Plaintiff's reliance upon Rule 60 for this Motion is misplaced because a final Judgment has not been entered in this matter. Accordingly, Plaintiff's Motion fails.

B. <u>If Construed as a Motion for Reconsideration, Plaintiff's Motion Fails, as there is No New Evidence Which Would Require a Different Outcome.</u> This Court might wish to construe Plaintiff's request as a Motion for Reconsideration of its earlier Order Denying Plaintiff's Request for a Preliminary Injunction. While Defendants have no opposition to a new hearing, the grounds supporting a reconsideration of this matter do not exist.

A District Court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment. (*Smith v. Massachussetts* (2005) 543 U.S. 462, 475.) However, a motion for reconsideration is an ***extraordinary remedy, to be used sparingly***. Absent highly unusual circumstances, a motion for reconsideration will not be granted unless the District Court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the

Shupe and Finkelstein
177 Bovet Road, Suite 600
San Mateo, CA 94402
(650) 341-3693

controlling law. (*Kona Enterprises, Inc. v. Estate of Bishop* (9th Cir. 2000) 229 F.3d 877, 890; see also U.S. District Court, Northern District California, Local Rule 7-9(b).) In Northern California, a Motion for Reconsideration must be made before entry of judgment and only by leave of court. (See U.S. District Court, Northern District California, Local Rule 7-9(a).) A motion for reconsideration cannot be based upon evidence that could reasonably have been discovered prior to the Court's ruling. (*Hopkins v. Andaya* (9th Cir. 1992) 958 F.2d 881, 887, fn 5.)

1. **No Objection to New Hearing Based upon Plaintiff's Failure to Receive Opposition to Motion for Preliminary Injunction**

Plaintiff is correct that Defendants did not mail-serve a copy of their Opposition to her Motion for Preliminary Injunction upon her prior to the hearing. Defense Counsel at the time believed that this was an e-file case, such that mailed service was unnecessary. If this was error, defense counsel apologizes to the Plaintiff and to the Court. In any event Plaintiff asserts that she did not have access to the Opposition prior to the hearing on her Motion, and that if she had, she would have presented arguments.[1] (Motion, at Page 2, lines 15-22.) Should the Court wish to schedule a hearing to allow Plaintiff the opportunity to present any argument she would have made in reply to the Opposition papers, the Defendants have no objection.

2. **No New Evidence in Support of Motion for Reconsideration**

However, Plaintiff's "Motion for Reconsideration" offers no new evidence or arguments that might affect the Court's earlier ruling in this case. Plaintiff attaches emails she exchanged with College Administrators about the hearing date of her suspension appeal (Motion, Exhibit E) and asserts that it is her belief the College District wilfully and maliciously delayed her appeal hearing. (Motion, at Page 4, lines 10-12.) Plaintiff's "beliefs" are speculative and not admissible. (FRE, 602.) More significantly, however, these emails were part of the record presented on Plaintiff's

---

[1]. Plaintiff also asserts that Defendants wilfully and maliciously scheduled a Motion for Summary Judgment on August 28, 2009, the same day that Plaintiff had a hearing in another of her civil lawsuits. (Motion, at Page 2, Line 3 through Page 3, Line 5) Defendants did not file a Motion for Summary Judgment in this case and do not know how or why the August 28, 2009 hearing was scheduled.

1  earlier Motion for Preliminary Injunction.[2] As stated in the College District's Preliminary Injunction
2  Opposition, the College District responded quickly to Plaintiff's request for an administrative
3  hearing on her suspension. Because Plaintiff complained that the first hearing date on May 14, 2009
4  was too soon for her, the College District tried to find another convenient date for the appeal but
5  could not do so until June 2, 2009, because the appeal committee members were busy. Plaintiff
6  admits that she received notice of the June 2, 2009 hearing, that she chose not to appear for the
7  hearing, and that the hearing proceeded without her. (Motion, Page 4, lines 12-15.) This evidence
8  has already been considered by the Court and thus does qualify as new evidence justifying
9  reconsideration. (See U.S. District Court, Northern District California, Local Rule 7-9(c).)

   3.   **No Evidence Showing Why Order Denying Preliminary Injunction Is Wrong**

   Even more critical, however, Plaintiff offers no new evidence or arguments showing why the Court's Order Denying Motion for Preliminary Injunction is wrong. As stated in the Court Order, Plaintiff has not met her burden of demonstrating irreparable injury, shown why in fairness a preliminary injunction should issue or shown that she is likely to ultimately prevail in this case. (See Order, at Page 3.) There are many other paralegal programs in the Bay Area should Plaintiff wish to enroll in one of them, and the hardship to West Valley College caused by a repeatedly disruptive student is greater than the hardship to Plaintiff of a possible delay in obtaining a paralegal certificate. (See *Boucher v. School Board of School District of Greenfield*, 134 F.3d 821 (7th Cir. 1998). Plaintiff's "Motion for Reconsideration" offers no new evidence or arguments to address these issues or to suggest that her behavior was anything but rude, belligerent and disruptive towards College District staff.

   Because Plaintiff raises no new evidence or arguments, the College District submits that the Court's earlier ruling on Plaintiff's Motion for Preliminary Injunction should not be disturbed.

   C.   **Plaintiff's Request for an Order Compelling an Administrative Hearing Should be Denied.** Plaintiff also requests an Order compelling the College District to schedule an administrative review hearing. (Motion, at Page 2, lines 4-5.) Plaintiff does not specify what

---

2. Plaintiff's email communications were attached as Exhibit P to the Declaration of Ernest Smith in Support of the College District's Preliminary Injunction Opposition.

administrative review she wants and cites no legal authority that it would be appropriate for this Court to issue an order for such an administrative review.  If Plaintiff wants another administrative hearing regarding her status at West Valley College, she should be required to file the appropriate application form with the College. She has not done so, and it is not appropriate for Plaintiff to ask the Court to order the College to hold an administrative hearing when she has made no effort to obtain that relief using the normal processes available at the College.  Accordingly, Defendants respectfully requests the Court to deny Plaintiff's Motion.

## CONCLUSION

For the reasons stated above, Defendants respectfully requests that this Court deny Plaintiff's Motion in its entirety.

Dated: September 11, 2009                                   Respectfully submitted by,

SHUPE AND FINKELSTEIN

By_____
Eric K. Shiu, Attorneys for Defendant

EXHIBIT A

\*\*E-Filed 6/29/2009\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHIN-LI MOU,<br><br>    Plaintiff,<br><br>    v.<br><br>WEST VALLEY COLLEGE, et al.,<br><br>    Defendants. | Case Number C 09-1910 JF (RS)<br><br>ORDER[1] DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>[re: docket no. 4] |

Plaintiff Chin-Li Mou ("Plaintiff"), proceeding *pro se*, alleges that Defendant West Valley College ("WVC") and several of its employees violated her civil rights by having her arrested illegally, suspending her from WVC without due process, violating her right to equal protection of the laws, and improperly restricting her right of free speech. She seeks a preliminary injunction requiring, *inter alia*, cancellation of her suspension and her immediate reinstatement in the classes in which she was enrolled prior to the suspension. For the reasons discussed below, the motion will be denied.

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 09-1910 JF (RS)
ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
(JFEX1)

## I. BACKGROUND

Plaintiff is a paralegal student at WVC. Defendants allege that she habitually failed to leave a campus restroom when requested to do so by the custodian responsible for cleaning the restroom. After one such incident on April 8, 2009, Plaintiff allegedly became belligerent, yelling obscenities at the custodian. The next day, Plaintiff allegedly harassed and threatened various members of the WVC staff. At 4:25 PM on the same day, she allegedly refused to leave the restroom again, and the police were called to remove her from the campus. Plaintiff ellegedly resisted arrest, but she eventually was handcuffed, taken to jail and ordered to stay away from the campus. Plaintiff alleges that the police used excessive force and later yelled a racial epithet at her.

On April 14 and 22, 2009, Plaintiff met with Ernest Smith, Vice President of Student Services at WVC, to discuss the incident. At the second meeting, Dr. Smith decided to suspend Plaintiff for the rest of the spring semester and for the upcoming fall semester. Plaintiff claims that her spring semester classes, including a class she had finished in March, were dropped from her transcript without a "W" ("withdrawal") notation. Plaintiff alleges that Dr. Smith warned her not to discuss the incident with school staff and instructed staff members not to speak with her. Plaintiff appealed the suspension, and a hearing was scheduled before the Student Disciplinary Hearing Board ("the Board") on June 2. Plaintiff did not appear personally at the hearing, claiming that it occurred too late to provide her with effective relief, but the proceeding took place in her absence. Following the hearing, the Board concluded that the suspension was proper. A notice of the decision was issued on June 11, 2009.

## II. LEGAL STANDARD

"The traditional equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest." *Textile Unlimited, Inc. v. A..BMH and Co., Inc.*, 240 F.3d 781 (9th Cir. 2001). "A preliminary injunction is not a preliminary adjudication on the merits, but rather a device for preserving the status quo and preventing the irreparable loss of rights

before judgment." *Id.*

### III. DISCUSSION

There are several reasons why Plaintiff is not entitled to injunctive relief at the present time. First, she has failed to meet her burden of demonstrating irreparable injury. Because the spring semester has concluded, the Court cannot reinstate Plaintiff in her spring semester classes. If Plaintiff does prevail on the merits, the Court can order her reinstatement prospectively. In addition, the paralegal program in which Plaintiff was enrolled has many reasonable substitutes, and Plaintiff has not shown that she is unable to enroll in a different program.

Second, the balance of hardships tips against Plaintiff, as the hardship to WVC caused by a repeatedly disruptive student is greater than the hardship to Plaintiff of possible delay in getting a degree. *See Boucher v. School Bd. of School Dist. of Greenfield*, 134 F.3d 821 (7th Cir. 1998). Third, based on the evidence presently in the record, it is highly unlikely that Plaintiff will succeed on the merits. Finally, Plaintiff has failed to exhaust her administrative remedies, as she failed to appear at the June 2 hearing before the Board.

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiff's application for a preliminary injunction is DENIED.

DATED: June 29, 2009

JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  John A. Shupe , Esq    jas@bovetprofessional.com, marcia@bovetprofessional.com

3  Chin-Li Mou
   4141 Boneso Circle
4  San Jose, CA 95134

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

Case No. C 09-1910 JF (RS)
ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
(JFEX1)