CHIN-LI (Karen) MOU
4141 Boneso Circle
San Jose, CA 95134

Pro Se

FILED

2009 SEP 18 A 10: 39

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES FEDERAL COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| CHIN-LI MOU,<br><br>        Plaintiff,<br><br>   vs.<br><br>West Valley College, an individual and a non-profit educational corporation; JOHN HENDRICKSON, an individual; PHILIP L. HARTLEY, an individual; ERNEST SMITH, an individual; Dave Fishbaugh, an individual ;LAURA LORMAN, an individual; CATHY AIMONETTI, an individual; FRED PROCHASKA, an individual; CHRIS ROLEN, an individual; LINBERO #107, an individual.<br><br>       Defendants. | CASE NO. C09-01910<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT—FRAUD AND MISCONDUCT<br><br><br>Date:<br>Time:<br>Dept.:<br><br><br>Filed: September 18, 2009 |

1

Dockets.Justia.com

## I.    Rule 60: **Relief from Judgment or Order**

"(b) Grounds for Relief from a Final Judgment, Order, or proceeding.

On motion and jùst terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; "

In Federal Rule of Civil Procedure Rule 60(b)(3), it clearly states "the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Plaintiff does not understand why Mr. Shiu has problem understanding the meaning of word "OR". Rule 60(b)(3) does not just apply to final judgment, but also apply to a final judgment, order, or proceeding. Plaintiff is aware that Mr. Shiu has been practicing law as an attorney for 18 years in California; it seems highly unlikely that he doesn't understand the meaning of word "OR". Plaintiff could not help but suspect that Mr. Shiu has assumed that since English is Plaintiff's second language and she is an Asian woman, Plaintiff must be unable to read effectively. Therefore, Mr. Shiu could use any wrongful argument to take away plaintiff's rights. Plaintiff also could not understand why Mr. Shiu drew a conclusion "Plaintiff appears to have misinterpreted this Order as a final judgment." (page 1 line 28). To be more direct and to help clarify Mr. Shiu's confusion, Plaintiff wrote motion to ask help from the court and a relief from court's previous Order Denying Plaintiff's Request for a Preliminary injunction due to Mr. Shiu's failure to serve plaintiff court documents. In order to write RE to Mr. Shiu's in opposition, Plaintiff has to take away her time from learning and pursuing her dream and skip several dinners to reply to Mr. Shiu's ridiculous arguments. Plaintiff sincerely hopes Mr. Shiu now understands the purpose of the motion and the word "OR". In addition, Plaintiff still does not understand how an attorney with 18 years of experience could make mistake about

2

not serving the opposite party the court papers.  Plaintiff started her professional career as an IBM mainframe/midrange computer programmer (software engineer) in Taiwan and USA and was able to expand her career to include extensive experiences in client/server software design, relational database 4th GL (Sybase, Oracle) design, system analyst, ERP and further supply chain business analyst, SAP business consultant, Unix engineer, digital hardware design, and holding 3 high-tech hardware patents, granted by the United State Patent Office. Plaintiff has never made any simple mistake by assuming or cheating. As a professional person for over 10 years and in her whole life, plaintiff never disturbs anyone or violates any law. Even though Plaintiff is an Asian woman and speaks English as Second Language, as a Pro Se, she is determined to learning court rules so that she can properly follow court procedure. Again, Plaintiff suspects Mr. Shiu assumed she is lack of English skill. Therefore, Mr. Shiu purposefully did not serve Plaintiff court papers, did not give Plaintiff opportunity to read his arguments, and did not give Plaintiff the chance to prepare and defend Mr. Shiu's lies (or twisted, untrue allegations). Plaintiff has enough justification to ask permission from the Court for a new hearing and further sanction for any violation of opponent attorneys.

## II. There are more intentional mistakes from opponents' attorney

There are many intentional/ malicious mistakes made by Mr. Shiu to mislead the Court:

a.) On first page line 26 (~~exhibit A~~) Mr. Shiu states "On June 29, 2009, this court entered an Order Denying Plaintiff's Request for a Preliminary Injunction…" On page 2 line 1 (~~exhibit A~~) Mr. Shiu wrote "On August 4, 2009, Plaintiff filed the instant Request for Relief from judgment" Plaintiff waited for more than one month to file motion to relief, so the words "instant Request" Mr. Shiu used is a lie. Plaintiff asks the Court to further sanction Mr. Shiu for perjury and for any further lie Mr. Shiu will have made.

3

*A*

b.) From line 20 – 21 in a Standing Order (Exhibit A) in San Jose Division for Northern California District Court clear states "Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice." Plaintiff, English as second language per se, followed the court rule diligently by both calling Mr. Shupe multiple times and emailing him (Exhibit B) and by asking him kindly to notify Mr. Shiu for this motion. On the other hand, Mr. Shiu intentionally and maliciously scheduled a Summary judgment date without discussing possible date with plaintiff. Furthermore, Mr. Shiu willfully picked the date that was exactly the same as that of Summary judgment of Plaintiff's other case to jeopardize her both cases. Later, the Summary judgment was vacated by the court due to Mr. Shiu's failure to file in proper document on time, showing that Mr. Shiu had no intention in following court rules. However, court staff worked diligently to vacate the Summary judgment and accidently caused a reasonable and understandable glitch: both Summary judgments were vacant. Plaintiff totally understands there are several staffs working with honorable judge, so that confusion like this could easily happen. Plaintiff appreciated Ms. Munz's and other court staff's hard working to reschedule for plaintiff. Plaintiff sincerely apologized to Ms. Munz and other court staff for they have to reschedule the date over and over again because plaintiff, at that time, did not know either attorney's schedule. Plaintiff does not understand how Mr. Shiu can sleep during the night for causing so many hard-working, helpful and wonderful court staff much trouble to fix the problems he willfully plotted.

c.) On page 4 line 5 (exhibit A), Mr. Shiu maliciously lied to fool the court and honorable judge by stating "Plaintiff admits that she received notice of the June 2, 2009 hearing, that she chose not to appear for the hearing, and the hearing proceeded without her. (Motion, Page 4, lines 12-15)". Plaintiff never wrote anything like she chose not to appear. As a matter of fact, plaintiff stated in her motion on page 4, from line 6 to 15, "Ms. Brosamer,

Exhibit C

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

on May 21, after plaintiff filing a lawsuit against WVC, emails plaintiff (Exhibit F (1)) and orders her that her appeal date is June 2, 2009, which was not between May 18 and May 22 according to Ms Brosamer previous order. Again plaintiff will have to reschedule her appointment for June 2 appeal. In WVC, spring semester ends at the last week of May. The incident happened in early April; plaintiff believes that defendants delay Plaintiff's appeal process maliciously and willfully. Therefore, plaintiff emails (Exhibit F (2)) Ms. Brosamer on May 28, stating "let court decide if WVC's appeal process is proper or not". So Ms. Brosamer clearly knows plaintiff will not show up for this appeal but go ahead to proceed with appeal without plaintiff." Plaint tried not to point finger. Since Mr. Shiu asked for it, plaintiff will make it very clear that Ms. Brosamer has maliciously tricked plaintiff while she schedule the date for appeal for plaintiff. Ms. Brosamer wanted Plaintiff to keep the week of May 18 and May 25 free or open for her. But, she then scheduled appeal date on June 2 without any advanced agreement with Plaintiff. WVC's school appeal rule does not say WVC is the sole party to control appeal date. Plaintiff felt that Ms. Brosamer willfully played game while scheduling. Plaintiff could not change her doctor appointment around Ms. Brosamer own wish. As a matter of fact, after plaintiff notified Ms. Brosamer that she could not show up and would have no choice but to have the court to decide whether WVC's appear process is proper, she still went ahead with appeal without plaintiff to assure of a guilty verdict to plaintiff. Ms. Brosamer knew that WVC will have an attorney to bully plaintiff and did not believe the court will care about Plaintiff per se who speaks English as second language. Therefore, plaintiff should not pay for Ms. Brosamer's willful mistake by giving Plaintiff the wrong week date without consulting with Plaintiff at all and treating Plaintiff as if Plaintiff were her slave. What kind of human-being will order another human-begin to reschedule doctor appointment for an appealing, which should not even exist at the first time? Staff at WVC knows very well that plaintiff has health issue and tries very hard to survive on her own.

Plaintiff has no benefit even if she won this injunction. She felt if she did not speak up, any malicious WVC (or any public) employee could use lies to prosecute any woman or minor woman. In addition, there are always attorneys like Mr. Shie enjoying engaging a business to take away innocent people's rights and to help evil staff like Ms. Brosamer to bully innocent, powerless people such as plaintiff in this case.

## III. An order compelling defendants to schedule an administrative review shall be granted

It is clear that Ms. Brosamer has failed to make a schedule with Plaintiff for appealing date that can be agreed by both parties, even when Plaintiff has showed her great co-operation. Therefore, an order to compel defendants' to schedule an administrative review should be granted. Plaintiff should not be punished for Ms. Brosamer's willful and intentional mistake.

## IV. Conclusion

Plaintiff believes that a rehearing and an order compelling defendants to schedule should be granted. Further sanction for Mr. Shiu's violation should also be granted. Plaintiff appreciates and thanks to honorable judge's patience to read her arguments. Plaintiff apologizes to honorable judge for any unintentional mistake that she might have made as a per se plaintiff under certain time constraint.

Dated: September 18, 2009

Chin-Li Mou respectfully submitted,
as a per se plaintiff

6

Exhibit - B

## mou V. WVC

| | |
|---|---|
| From: | **chin-li mou** (cmou@hotmail.com) |
| Sent: | Sun 8/09/09 5:47 PM |
| To: | john shupe (jas@bovetprofessional.com) |
| Cc: | |
| cmou@hotmail.com | |

Mr Shupe,

I tried to call your office however, I was not able to leave a message for you even I press 1 in your office voice mail system.
I would like to propose a motion to relief on Oct 2; please let me know if Oct 2 would work for you. I don;'t have Mr.Shiu's e-mail address and AGAIN you office voice mail system doesn't seem to work on Aug 3. Could you forward this email to him. thanks
I do prefer to be contact by email rather than by phone.
My phone is program to local call. In order to call you, i have to buy a phone card to call you.

Chin-Li Mou

Express your personality in color! Preview and select themes for Hotmail®. Try it now.

Exhibit- A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Case No. _____

**STANDING ORDER REGARDING**

**CASE MANAGEMENT IN CIVIL CASES**

This order sets forth requirements for initial case management in all civil matters assigned to District Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any Monday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

1    Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only
2    after contacting Judge Fogel's administrative law clerk at 408-535-5426 and obtaining an available
3    date.
4    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Trumbull may be noticed for
5    hearing on any Tuesday at 10:00 a.m.
6    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Seeborg may be noticed for
7    hearing on any Wednesday at 9:30 a.m.
8    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for
9    hearing on any Tuesday at 10:00 a.m.
10   Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be
11   held on _____ at _____, at the United States Courthouse, 280
12   South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil
13   L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.
14   Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with
15   their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8
16   and 16-9, and in patent cases, Patent L.R. 3.1 through 3.6. A meaningful meet and confer process prior to the
17   Case Management Conference and good faith compliance with the requirements of this Order are essential
18   elements of effective case management. Failure to meet and confer, to be prepared for the Case Management
19   Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but
20   are not required, to attend the Case Management Conference.
21   In all "E-filing" cases when filing papers in connection with any motion for determination by a judge,
22   the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by
23   the close of the next court day following the day the papers are filed electronically. These printed copies shall be
24   marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the
25   judge's name, case number and "E-filing Chambers Copy." Parties shall not file a paper copy of any document
26   with the Clerk's Office that has already been filed electronically.
27   IT IS SO ORDERED.
28   Dated: Effective on the date this order is filed, until further court order.

1

2

3
_____
James Ware
United States District Judge

4

5

6
_____
Ronald M. Whyte
United States District Judge

7

8

9

10
_____
Jeremy Fogel
United States District Judge

11

12

13
_____
Patricia V. Trumbull
United States Chief Magistrate Judge

14

15

16

17
_____
Richard Seeborg
United States Magistrate Judge

18

19

20
_____
Howard R. Lloyd
United States Magistrate Judge

21

22

23

24

25

26

27

28



Exhibit- & C

FILED

2009 AUG -4 P 1: 21

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

1  CHIN-LI(Karen)MOU
   4141 Boneso Circle
2  San Jose, CA 95134

3  Pro Se

4

5

6

7

8          UNITED STATES FEDERAL COURT
9        NORTHERN DISTRICT OF CALIFORNIA
              SAN JOSE DIVISION
10

11

12  CHIN-LI MOU,                          CASE NO. C09-01910

13              Plaintiff,                MOTION FOR RELIEF FROM
                                          JUDGMENT—FRAUD AND
14      vs.                               MISCONDUCT

15  West Valley College, an individual and a
    non-profit educational corporation; JOHN
16  HENDRICKSON, an individual; PHILIP L.
    HARTLEY, an individual; ERNEST
17  SMITH, an individual; Dave Fishbaugh, an   Date:
    individual ;LAURA LORMAN, an              Time:
18  individual; CATHY AIMONETTI, an           Dept.:
    individual; FRED PROCHASKA, an
19  individual; CHRIS ROLEN, an individual;
    LINBERO #107, an individual.
20                                        Filed: August 4, 2009
            Defendants.
21

22

23

24

25

26

27

28

                          1

### Relief Sought

Plaintiff, Chin-Li Mou, moves this court, pursuant to Rule 60(b)(3), for an order set aside the first preliminary injunction judgment entered in this action in June, 2009 and setting this action for a new preliminary injunction hearing  and issue an order compelling defendants to schedule an administrative review hearing with Plaintiff.

### Grounds for Motion

The judgment entered in this action should be set aside and a new preliminary injunction should hold because defendants and defendants' attorneys committed fraud and/or misconduct that make current judgment unfair.

1.  Both defendants' attorney and WVC staff Ms. Brosamer committed fraud and/or misconduct on Chin-Li Mou and the court:

    a.  On June 16,2009), Mr. Shupe and Mr. Shiu filed an answer without filing any proof of service to the court and without serving a copy to plaintiff, which are as required procedures by FRCP and local court rule .

    b.  On June 24, 2009, defendants' attorneys filed in opposition to plaintiff's request for a preliminary injunction to the court, and again without filing proof of service and without serving a copy to plaintiff, which are as required procedures by FRCP and local court rule. Plaintiff did not have any chance to read defendants' court documents before the preliminary injunction hearing, which is completely unfair. Plaintiff was not even given time to read and to prepare for the hearing due to WVC attorney's faults. There is no excuse for any attorney not following court rule. Plaintiff was not aware of defendants' arguments and was not prepared.

    c.  Plaintiff was unaware of a summary judgment scheduled on Aug 28, 2009, which is in conflict with Plaintiff's other case. Again there was no document served to Plaintiff, and Plaintiff was not notified until Honorable Judge Fogel kindly indicates in the RE letter. Plaintiff believes that defendants' attorney intentionally

2

and maliciously violate federal laws to take advantage of a pro se plaintiff.
Plaintiff also believes that defendants' attorney scheduled the same date with
Plaintiff's other case just to create unnecessary stress to Plaintiff and jeopardize
her cases in bad faith. Plaintiff further requests the Court sanction defendants and
defendants' attorneys for their future violation of court rules.

d.  In Metlyn realty corp V. Esmark, Inc, 763 F2d 826,833 (7th cir 1985), the fraud of
an opposing party's attorney is surely chargeable to that party; therefore, fraud of
counsel should be chargeable to defendants' party. In addition, on information
and belief from the State Bar of California, Mr. Shupe has been admitted to the
State Bar of California since 1979 (Exhibit A). Mr. Shiu has been admitted to the
State Bar of California since 1991 (Exhibit B). Both of defendants' attorneys have
more than 18 years of experience in practicing laws in California. It is impossible
for them not to know these rules. Plaintiff, as a per se, do not know many of the
court rules, but plaintiff is willing to learn and obey these rules. Defendants'
attorneys have plaintiff's contact information. However, defendants' attorneys did
not contact plaintiff until after the Court issues a final order for preliminary
injunction; one of the defendants' attorneys called plaintiff and left messages
everyday for at least for a week to show off their winning.

e.  On May 7, 2009, right after plaintiff mails out appeal request, plaintiff
immediately emails Ms. Brosamer and clearly stated, "Donna, I emailed you the
letter today. Let me know if you don't receive it in a reasonable time. thanks" (see
Exhibit C). However, plaintiff did not hear anything from Ms. Brosamer until
May 14 (Exhibit D (1)). Ms. Brosamer in this email orders plaintiff to keep her
schedule, May 18 to May 22, open just the appeal for whole week next week,
which is very unreasonable. Plaintiff emails back to Ms. Brosamer and states
plaintiff can't promise and indicates there is a hardship if she would like to bring

3

another person to the hearing, which is allowed by WVC. Plaintiff did her best to reschedule every doctor appointments and lab testing for that week, which cause a lot of problems because most of doctors took vacation during summer. Plaintiff emails Ms. Brosamer to express her concerning about the way Ms. Brosamer schedules the appeal date on May 14 around 5:30pm (Exhibit E).

f.  Ms. Brosamer, on May 21, after plaintiff filing a lawsuit against WVC, emails plaintiff (Exhibit F (1)) and orders her that her appeal date is June 2, 2009, which was not between May 18 and May 22 according to Ms Brosamer previous order. Again plaintiff will have to reschedule her appointment for June 2 appeal. In WVC, spring semester ends at the last week of May. The incident happened in early April; plaintiff believes that defendants delay Plaintiff's appeal process maliciously and willfully. Therefore, plaintiff emails (Exhibit F (2)) Ms. Brosamer on May 28 stated "let court decide if WVC's appeal process is proper or not". So Ms. Brosamer clearly knows plaintiff will not show up for this appeal but go ahead to proceed with appeal without plaintiff.

2.  This motion is being made within a reasonable time from the time when Chin-Li Mou discovered or could have discovered the fraud and/or misconduct.

3.  A motion under Rule 60(b)(3) is permitted because the motion is being brought within one year from the date on which the judgment was entered.

### Supporting Papers

This motion is based on this document, the attached Notice of Motion, proof of Service, and exhibits attached to it,, all of the pleadings, papers, and other records on file in this action, and whatever evidence and argument may be presented at the hearing of this motion.

Dated: August 4, 2009

Chin-Li Mou

State Bar of CA :: John Arthur Shupe                    http://members.calbar.ca.gov/search/member_detail.aspx?x=87716



# THE STATE BAR OF CALIFORNIA

Tuesday, July 21, 2009                                                        State Bar Home

Home > Attorney Search > Attorney Profile

## ATTORNEY SEARCH          Exhib A

## John Arthur Shupe - #87716

### Current Status: Active

This member is active and may practice law in California.

See below for more details.

### Profile Information

| | | | |
|---|---|---|---|
| **Bar Number** | 87716 | | |
| **Address** | Shupe & Findelstein<br>177 Bovet Rd #600<br>San Mateo, CA 94402 | **Phone Number** | (650) 341-3693 |
| | | **Fax Number** | (650) 341-1395 |
| | | **e-mail** | jas@bovetprofessional.com |
| **District** | District 3 | **Undergraduate School** | Univ of California Davis; Davis CA |
| **County** | San Mateo | **Law School** | UCLA SOL; Los Angeles CA |
| **Sections** | None | | |

### Status History

| **Effective Date** | **Status Change** |
|---|---|
| *Present* | Active |
| 11/29/1979 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

#### Disciplinary and Related Actions
This member has no public record of discipline.

#### Administrative Actions
This member has no public record of administrative actions.

Start New Search >

**Contact Us    Site Map    Privacy Policy    Notices**    © 2009 The State Bar of California

State Bar of CA :: Eric K. Shiu                                    http://members.calbar.ca.gov/search/member_detail.aspx?x=156167

# THE STATE BAR OF CALIFORNIA

Tuesday, July 21, 2009                                                                                   State Bar Home

Home > Attorney Search > Attorney Profile

## ATTORNEY SEARCH                    *Exhib B.*

## Eric Kai-Him Shiu - #156167

### Current Status: Active

This member is active and may practice law in California.

See below for more details.

### Profile Information

| | | | |
|---|---|---|---|
| **Bar Number** | 156167 | | |
| **Address** | Bialson Bergen & Schwab | **Phone Number** | Not Available |
| | 2600 El Camino Real #300 | **Fax Number** | Not Available |
| | Palo Alto, CA 94306 | **e-mail** | Not Available |
| **District** | District 3 | **Undergraduate School** | Univ of California Berkeley; Berkeley CA |
| **County** | Santa Clara | **Law School** | McGeorge SOL Univ of the Pacific; CA |
| **Sections** | None | | |

### Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 12/17/1991 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

#### Disciplinary and Related Actions
This member has no public record of discipline.

#### Administrative Actions
This member has no public record of administrative actions.

Start New Search >

Contact Us     Site Map     Privacy Policy     Notices     © 2009 The State Bar of California

Case5:09-cv-01910-JF Document52 Filed09/18/09 Page18 of 21

Windows Live Hotmail Print Message Case5:09-cv-01910-JF Document46 Filed08/04/09 Page8 of 15 PrintShell.aspx?type=messa...

Print        *Exhibit C*      Close

## RE: Student Appeal

From: **chin-li mou** (cmou@hotmail.com)
Sent: Thu 5/07/09 1:19 AM
To: donna_brosamer@westvalley.edu

Donna,

I mailed you the letter today. Let me know if you don't receive it in a reasonable time. thanks
karen

---

Date: Thu, 30 Apr 2009 13:12:04 -0700
To: cmou@hotmail.com
From: donna_brosamer@westvalley.edu
Subject: RE: Student Appeal

Karen,
Yes that will do.
Donna

At 01:01 PM 4/30/2009, you wrote:

Donna,

If i send a letter with a time stamp on or before May 8 will do, right?
karen

---

Date: Thu, 30 Apr 2009 11:52:57 -0700
To: cmou@hotmail.com
From: donna_brosamer@westvalley.edu
Subject: Student Appeal
CC:

Karen

You will need to send the written appeal to me, including exactly what you are appealing before May 8, 2009. I will set up a meeting for the Student Discipline Hearing Board to hear your appeal and you will be notified of that date as soon as I can set it with the members, You will be notified by Dr. Smith of their findings. I will give copies of your appeal to this Hearing Board . My address is Donna Brosamer, Counseling Office, 14000 Fruitvale Avenue, Saratoga, California 95070.

I included the Procedures and Policies in the first letter I sent you.
*Donna Brosamer*

*Counseling Office Supervisor*
*West Valley College*
*(408) 741-2067*
*(408) 741-4076 - Fax*

---

Windows Live™ Hotmail®:...more than just e-mail. Check it out.

*Donna Brosamer*
*Counseling Office Supervisor*
*West Valley College*
*(408) 741-2067*
*(408) 741-4076 - Fax*

---

Insert movie times and more without leaving Hotmail®. See how.

8/2/2009 10:16 AM

Exhibit-E

Print

## RE: Your appeal to SDHC

**From:** chin-il mou (cmou@hotmail.com)
**Sent:** Thu 5/14/09 5:36 PM
**To:** donna_brosamer@westvalley.edu

Donna,

I know you are an expericed assistant; therefore, you know how schedule a meeting works. Communication is both way- not just one way.
This e-mail account is mainly for schedule since all my classes are droppede i don;t check this e-mail account often.

Date: Thu, 14 May 2009 09:08:42 -0700
To: cmou@hotmail.com
From: donna_brosamer@westvalley.edu
Subject: RE: Your appeal to SDHC
CC: ernie_smith@westvalley.edu; district_police@wvm.edu

**Karen**
I did not receive your letter asking for an appeal until Monday.  I did my best to schedule the committee, 5 very busy individuals, as quickly as possible.  I will try to reschedule the team for another time next week.  I need you to keep your schedule fairly open to help accommodate this hearing.  I will let you know when this will happen.
Donna

May 18 to May 22

At 06:57 PM 5/13/2009, you wrote:

Donna,

I feel I did not be respected by WVC as a human. You gave me less than 24 hours notice for a hearing, and I have a doctor appointment at 11:30am tomorrow. I can't cancel my doctor appointment for you very short notice hearing by e-mail.

karen

Date: Wed, 13 May 2009 11:01:05 -0700
To: cmou@hotmail.com
From: donna_brosamer@westvalley.edu
Subject: Your appeal to SDHC
CC: district_police@wvm.edu

Your appeal with the Student Discipline Hearing Committee will be tomorrow, Thursday May 14, 2009, from 11:00a to 12:00n.  It will be held in the President's Conference in the President's office.
*Donna Brosamer*
*Counseling Office Supervisor*

Print

## RE: Your appeal to the Student Discipline Hearing Board

From: **chin-li mou** (cmou@hotmail.com)
Sent: Thu 5/28/09 1:23 AM
To: donna_brosamer@westvalley.edu

(2)

Donna,

Let court decide if WVC's appeal process is proper or not
karen

Date: Thu, 21 May 2009 13:49:48 -0700
To: cmou@hotmail.com
From: donna_brosamer@westvalley.edu
Subject: Your appeal to the Student Discipline Hearing Board

(1)

Your appeal with the Student Discipline Hearing Board will be on June 2, 2009 at 1:30pm in Room 7 in
counseling.
*Donna Brosamer*
*Counseling Office Supervisor*
*West Valley College*
*(408) 741-2067*
*(408) 741-4076 - Fax*

Insert movie times and more without leaving Hotmail®. See how.

1 of 1