|   |   |
|---|---|
| 1 |   |
| 2 | **E-Filed 10/5/2009** |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 | IN THE UNITED STATES DISTRICT COURT |
| 8 | FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| 9 | SAN JOSE DIVISION |
| 10 |   |
| 11 | CHIN-LI MOU,                                   Case Number C 09-1910 JF (RS) |
| 12 |           Plaintiff,                           ORDER[1] DENYING MOTION FOR RECONSIDERATION |
| 13 |     v.                                         Re: Docket No. 46 |
| 14 | WEST VALLEY COLLEGE, et al., |
| 15 |           Defendants. |
| 16 |   |

I. Background

On August 4, 2009, Plaintiff Chin-Li Mou ("Plaintiff"), proceeding *pro se*, filed a motion for "Relief from the Judgment - Fraud and Misconduct," requesting that the Court set aside its order dated June 29, 2009, denying Plaintiff's request for a preliminary injunction against Defendant West Valley College ("WVC") and several of its employees. By order dated September 30, 2009, the Court vacated the hearing on the motion and indicated that it would treat Plaintiff's motion as a motion for reconsideration.

Plaintiff claims that Defendants violated her civil rights by having her arrested illegally, suspending her from school without due process, violating her right to equal protection of the laws, and improperly restricting her right of free speech. She originally sought injunctive relief

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 09-1910 JF (RS)
ORDER DENYING MOTION FOR RECONSIDERATION
(JFLC1)

Dockets.Justia.com

cancelling the suspension and immediately reinstating her in the classes in which she was enrolled prior to the suspension. Defendants assert that Plaintiff habitually failed to leave a campus restroom when requested to do so by custodial staff, acted belligerently toward the custodian, and harassed and threatened various members of the WVC staff. Defendants also allege that it was necessary for them to call the police to remove Plaintiff from the campus.

Plaintiff met twice with Ernest Smith, Vice President of Student Services at WVC, to discuss the incident, as a result of which Dr. Smith suspended Plaintiff for the remainder of the spring semester and for the current fall semester. Plaintiff claims that her spring semester classes, including a class she had finished in March, were dropped from her transcript without a "W" ('withdrawal') notation. Plaintiff appealed the suspension. A hearing was scheduled before the Student Disciplinary Hearing Board ("the Board") on June 2, 2009. Plaintiff did not appear personally at the hearing, claiming that it occurred too late in the semester to provide her with effective relief, but the proceeding took place in her absence. Following the hearing, the Board concluded that the suspension was proper. Plaintiff was notified of the decision on June 11, 2009.

In her papers filed in support of the instant motion, Plaintiff alleges that she did not attend the June 2, 2009 disciplinary hearing for the following additional reasons: (1) the meeting did not occur at the time she had originally set aside based on an email from a WVC employee; (2) it was difficult for her to reschedule medical appointments that she had set previously; and (3) she intended to seek relief in this Court as an alternative to the administrative hearing because she believed that WVC was maliciously and willfully delaying the appeal process. Plaintiff's Motion at 3-4, Ex. C-F. WVC states that it responded promptly to Plaintiff's request for an administrative hearing and that when Plaintiff complained that the original hearing date of May 13 was too soon, it rescheduled the hearing to June 2, which was the next available date.

Plaintiff now appears to be seeking a preliminary injunction compelling Defendants to schedule a further administrative review of her suspension, as well as sanctions against Defendant's counsel Eric K. Shiu for allegedly filing and scheduling a motion for summary judgment on August 28, 2009, the date of a hearing in an unrelated case filed by Plaintiff in this

Court. *Mou v. City of San Jose et al.*, Case No. 5:07-cv-05740 (filed May 1, 2009).

## II. LEGAL STANDARD

"The traditional equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest." *Textile Unlimited, Inc. v. A..BMH and Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001), citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). "A preliminary injunction is not a preliminary adjudication on the merits, but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Textile Unlimited*, 240 F.3d at 786, citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

## III. DISCUSSION

The additional evidence and argument presented by Plaintiff in the instant motion do not alter the reasoning or conclusions contained in the Court's order of June 29, 2009. Plaintiff still has failed to meet her burden of demonstrating irreparable injury. The paralegal program in which Plaintiff was enrolled has many reasonable substitutes, and Plaintiff has not shown that she is unable to enroll in a different program. Plaintiff's new argument that WVC scheduled her disciplinary hearing at a time that made it difficult for her to attend does not affect this determination.

Nor do Plaintiff's additional arguments regarding the scheduling of the disciplinary hearing affect the Court's previous determination that the balance of hardships tips against Plaintiff, as the hardship to WVC caused by a repeatedly disruptive student is greater than the hardship to Plaintiff of possible delay in getting a degree. *See Boucher v. School Bd. of School Dist. of Greenfield*, 134 F.3d 821, 826-28 (7th Cir. 1998). The additional evidence submitted by Plaintiff in fact was considered by the Court in connection with its original order: the record reflects that the emails concerning the scheduling of Plaintiff's disciplinary hearing were submitted at that time as Exhibit P to the Declaration of Ernest Smith.

Finally, Plaintiff's request to sanction WVC's counsel Erik K. Shiu for scheduling a summary judgment motion hearing on the same date as Plaintiff's hearing in another case is without merit. Mr. Shiu has not filed a motion for summary judgment in this case. Rather, a clerical error by Court staff confusing this case with Plaintiff's other case, in which a motion for summary judgment in fact was heard on August 28, 2009, apparently led to a misunderstanding on Plaintiff's part.

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion for reconsideration is DENIED.

DATED: October 5, 2009

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

John A. Shupe , Esq    jas@bovetprofessional.com, marcia@bovetprofessional.com

Chin-Li Mou
4141 Boneso Circle
San Jose, CA 95134

Case No. C 09-1910 JF (RS)
ORDER DENYING MOTION FOR RECONSIDERATION
(JFLC1)